UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

FILED
AUG 0 4 2017
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | MISC. NO. 2:17MC 44 |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this <u>ex parte</u> application for an Order pursuant to 18 U.S.C. § 2703(d) to require Yahoo! Inc., an electronic communications service provider headquartered in Sunnyvale, CA (hereafter "Yahoo!"), to provide non-content records and other information pertaining to the account associated with the email address <u>thyledus@yahoo.com</u>. The records and other information requested are set forth as an attachment to the proposed Order. In support of this application, the United States asserts:

### LEGAL AND FACTUAL BACKGROUND

1. The United States is investigating criminal violations involving sex trafficking, production of child pornography, and transportation of minors for prostitution in violation of 18 U.S.C. §§ 1591(a)(1), 2251(a), and 2423(a).

2. The investigation to date provides reasonable grounds to believe that Yahoo! has records and other information pertaining to certain of its subscribers that are relevant and material to an ongoing criminal investigation. Because Yahoo! functions as an electronic communications service provider, Title 18 of

United States Code Section 2703 sets out particular requirements that the government must meet in order to obtain access to the records and other information it is seeking.

3. Here, the government seeks to obtain the following categories of information: (1) basic subscriber information; and (2) non-content records and other information pertaining to a certain subscriber of Yahoo!.

4. A subpoena allows the government to obtain subscriber name, address, length and type of service, connection and session records, telephone or instrument number including any temporarily assigned network address, and means and source of payment information. 18 U.S.C. § 2703(c)(2). The government may also compel such information through an order issued pursuant to 18 U.S.C. § 2703(d). 18 U.S.C. § 2703(c)(1)(B), (c)(2).

5. To obtain records and other information pertaining to subscribers of an electronic communications service provider or remote computing service, the government must comply with 18 U.S.C. Section 2703(c)(1), which provides, in pertinent part:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity --
>
> . . . .
>
> (B) obtains a court order for such disclosure under subsection (d) of this section.

6. Section 2703(d), in turn, provides in pertinent part:

2

> A court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction[1] and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. . . . A court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.

Accordingly, this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the materials sought are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

1. On March 19, 2015, Ronnie Cosby was indicted by a federal grand jury sitting in the Northern District of Indiana in case number 2:15-cr-31. Since then, there have been four superseding indictments. The fourth and pending superseding indictment was returned on July 20, 2017 and charges Defendant Cosby with the following crimes occurring between December 15, 2014 and February 19, 2015:

   a. Sex trafficking of a minor (referred to as "TL") in violation of 18 U.S.C. § 1591(a)(1), (b)(2) (Count 1)

---

[1] 18 U.S.C. § 2711(3) states that "the term 'court of competent jurisdiction' has the meaning assigned by section 3127, and includes any Federal court within that definition, without geographic limitation." Section 3127 defines the term "court of competent jurisdiction" as "any district court of the United States (including a magistrate judge of such a court) or any United States court of appeals having jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A).

3

  b. Transportation of minors (referred to as "TL" and "AC") across state lines for prostitution in violation of 18 U.S.C. § 2423(a) (Counts 2, 3 and 6).

  c. Sex trafficking of an adult female (referred to as "GP") by fraud and coercion in violation of 18 U.S.C. § 1591(a)(1), (b)(1) (Count 5)

  d. Production of child pornography (involving victims "TL" and "AC") in violation of 18 U.S.C. § 2251(a) (Counts 4 and 7).

2. During the course of the investigation of this matter, law enforcement obtained records from Backpage.com including advertisements for escort services depicting victims TL, GP and AC. The records obtained by Backpage show that the subject email address thyledus@yahoo.com and email address rcc2234@gmail.com were used to post advertisements for escort services relevant to this investigation.

3. Records obtained from Google show that the email address rcc2234@gmail.com was assigned to Ronnie Cosby and lists the subject email address thyledus@yahoo.com as the recovery email address.

4. Records of customer and subscriber information relating to this investigation that are available from Yahoo! will help government investigators identify and confirm the individual(s) involved in the events described above. Accordingly, the government requests that Yahoo! be directed to produce all records described in Attachment A to the proposed Order. Part A of the Attachment requests the account name, address, telephone number, e-mail address, billing

4

information, and other identifying information provided for the account associated with thyledus@yahoo.com.

5. Part B requests the production of other information relating to the account associated with thyledus@yahoo.com. As described in more detail in that section, this information should include connection information and other non-content information.

6. The information requested should be readily accessible to Yahoo! by computer search, and its production should not prove to be burdensome.

WHEREFORE, it is respectfully requested that the Court grant the attached Order, directing Yahoo! to provide the United States with the records and information described in Attachment A.

Executed on August 1, 2017.

CLIFFORD D. JOHNSON
Acting United States Attorney

By: *(signature)*
Abizer Zanzi
Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
(219) 937-5500

# ATTACHMENT A

You are to provide the following information, if available, as data files on CD-ROM or other electronic media or by facsimile:

A. The following customer or subscriber account information for each account registered to or associated with email address thyledus@yahoo.com for the time period between December 15, 2014 and March 1, 2015.
   1. subscriber names, user names, screen names, or other identities;
   2. mailing addresses, residential addresses, business addresses, e-mail addresses, and other contact information;
   3. records of session times and durations;
   4. length of service (including start date) and types of service utilized;
   5. telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and
   6. means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information relating to the account(s) and time period in Part A, including:
   1. records of user activity for any connections made to or from the Account, including the date, time, length, and method of connections, data transfer volume, user name, and source and destination Internet Protocol address(es);
   3. non-content information associated with the contents of any communication or file stored by or for the account(s), such as the source and destination email addresses and IP addresses.
   4. correspondence and notes of records related to the account(s).